UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY NICOLE JACKSON,
KEVIN TERRELL JACKSON,

    Plaintiffs,

v.                                       3:05-cv-1216-J-25 HTS

LAWRENCE PATTERSON, JR.
et al,

    Defendants.
_____/

**ORDER**

This Cause is before the Court upon its own review. On November 28, 2005, Plaintiffs filed what this Court construes to be a breach of contract case against Defendants. Plaintiff Kevin Terrell Jackson provided the Court with a mailing address in Jacksonville, Florida and averred in his Complaint that "Plaintiffs are residents of the state (sic) of Florida." However, it appears that Mr. Jackson is actually a federal prisoner in Jesup, Georgia.

In the Complaint, Plaintiffs list Defendant Lawrence Patterson, Jr. as a person "participating in a commercial enterprise" with a Virginia address. However, it appears that Mr. Patterson is an inmate in the same institution as Mr. Jackson.

The Court notes that Plaintiffs are attempting to sue Mr. Patterson based upon an alleged breach of a consulting contract for Mr. Jackson's alleged business, Sagacity Investment Group. According to Mr. Jackson, Mr. Patterson breached his consulting duties as a "Professional Advisor" regarding that business. Plaintiffs have proffered evidence that purports to demonstrate

that they paid either Mr. Patterson or his family members more than ten thousand dollars for, *inter alia*, consulting assistance which was never received.

Thus, a reasonable reading of the pleadings and exhibits in this case leads the Court to conclude that said Plaintiff and Defendant are attempting to open or manage an investment business while imprisoned at the Federal Correctional Institution in Jesup, Georgia. As noted by other Courts, prisoners do not have a Constitutionally protected right to conduct a business while incarcerated. *French v. Butterworth*, 614 F.2d 23 (1st Cir. 1980).[1]

Also troubling to the Court is the fact that a Florida Notary, Mr. George F. Carter, Commission number DD247676, may be assisting Mr. Jackson in his lawsuits by filing documents under his alleged authority as a "duly appointed, commissioned and sworn" Florida Notary such as a Return of Service and an "Affidavit of Service by Special Visitation" in the instant case attesting that "the Defendants have been duly served with process in this action, in accordance with Rule 4(e)(2) of the Federal Rules of Civil Procedures (sic)."[2] Mr. Carter also notarized the Complaint in this action, attesting "on the basis of satisfactory evidence [Mr. Jackson is].... the Gensman whose signature is subscribed." The same paragraph states that "said Gensman" took an oath before Mr. Carter as to the Complaint's veracity. Of course the term

---

[1] As stated by the Southern District of New York, "It is well settled that inmates do not have a liberty or property interest in their ability to conduct business while incarcerated. *See Procunier v. Martinez*, 416 U.S. 396, 414 n. 14 (1974), *rev'd on other grounds by Thornburgh v. Abbott, et al.*, 490 U.S. 410 (1989) (federal bureau of prisons regulation providing that "no inmate may be permitted to direct his business while he is in confinement" found to pass constitutional muster); *see also Nachtigall v. Board of Charities and Corrections*, 590 F.Supp. 1223, 1225 (S.D. South Dakota 1984); *Valentine v. Gray*, 410 F.Supp. 1394, 1396 (S.D.Ohio 1975).

*Jordan v. Garvin*, 2004 WL 302361, *5 (S.D.N.Y.,2004)

[2] The Court need not discuss the service deficiencies in this case.

"Gensman" has no legal meaning and therefore a notary cannot attest to an individual proving to him "on the basis of satisfactory evidence to be the Gensman whose signature is subscribed above.."[3]

Regardless, this Court clearly does not have jurisdiction in this case because it is essentially a breach of contract suit between two inmates residing in Georgia. Further, the true amount in controversy does not meet the jurisdictional threshold and there clearly is no federal question jurisdiction. Accordingly, it is **ORDERED**:

This case is **dismissed with prejudice**. The clerk is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May 2006.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Pro se parties

The Honorable Malcolm J. Howard
United States District Court
Eastern District of North Carolina

Warden
FCI JESUP
2600 Highway 301 South
Jesup, GA 31599

---

[3] Apparently, Mr. Carter has filed documents in Mr. Jackson's other pending Federal Court cases, including "Protest Notices" which basically purport to be judgments against certain individuals. (*See* 4:93-cr-45, Dkt. 5). As an example, Mr. Carter apparently filed, on his letterhead, a "Certificate of Protest" on June 30, 2005, attesting to his "demanded payment" made to certain federal officials. Mr. Carter's documents refer to his authority to do so as a Florida notary "duly appointed, commissioned and sworn." (*See* 4:93-cr-45, Dkt. 11).

Office of the Governor
Notary Section
LL 06 Capitol
Tallahassee, FL 32399-0001